UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUPERSHUTTLE INTERNATIONAL, INC.,

              Petitioner,                               No. C 14-05618 JSW

     v.                                       **ORDER**

RAVIL AYSOV,

              Respondent.

_____/

SUPERSHUTTLE INTERNATIONAL, INC.,

              Petitioner,                               No. C 14-05624 JSW

     v.                                       **ORDER**

REVAZ GOTSIRIDZE,

              Respondent.

_____/

SUPERSHUTTLE INTERNATIONAL, INC.,

              Petitioner,                               No. C 14-05630 JSW

     v.                                       **ORDER**

VYACHESLAV VINER,

              Respondent.

_____/

SUPERSHUTTLE INTERNATIONAL, INC.,

              Petitioner,                               No. C 14-05632 JSW

     v.                                       **ORDER**

SERGIU VULPE,

              Respondent.

_____/

1

SUPERSHUTTLE INTERNATIONAL, INC.,

2

     Petitioner,                      No. C 14-05633 JSW

3

   v.                          **ORDER**

4

GAREGIN OLAGOV,

5

     Respondent.

6

_____/

7

8     Now before the Court in all related captioned cases are the motions to dismiss filed by

9 Respondents and the motions to stay proceedings and compel arbitration filed by Petitioner

10 SuperShuttle International, Inc. ("SuperShuttle").  Having considered the parties' pleadings and

11 relevant legal authority, for the reasons set forth in this Order, the Court GRANTS Respondents'

12 motions to dismiss.  In light of the Court's finding that it lacks jurisdiction to hear this matter, the

13 Court does not address the pending motions to stay and compel arbitration.

14                               **BACKGROUND**

15     There are five similar and related cases pending before this Court filed by SuperShuttle

16 against five individual Russian-born drivers of SuperShuttle vans.  Each driver contracted with V&L

17 Express, LLC ("V&L Express") to drive SuperShuttle vans.  V&L Express entered into five Unit

18 Franchise Agreements ("Agreements") with SuperShuttle.  SuperShuttle contends that the

19 agreements mandate the arbitration of any controversy arising out of the Agreements.

20     Respondents filed claims against SuperShuttle and V&L Express before the California Labor

21 Commission, claiming, among other things, that SuperShuttle is liable to the drivers under the

22 California Labor Code for unpaid overtime wages, meal period wages, and rest period wages.

23 (*See* Declaration of Jaime B. Laurent, ¶¶ 3-4.)  SuperShuttle opened an arbitration proceeding before

24 the American Arbitration Association and has paid all the filing fees for arbitration.  (*Id.* at ¶ 4.)

25 SuperShuttle filed the current petitions before this Court, requesting an order pursuant to Section 4

26 of the Federal Arbitration Act compelling Respondents to arbitrate their claims currently before the

27 California Labor Commissioner under the terms of the V&L Express Agreements.  SuperShuttle

28 does not join V&L Express as a party.

1    The Court shall address specific additional facts in the remainder of this Order.

2                                            **ANALYSIS**

3    **A.    Applicable Legal Standards for Motion to Dismiss.**

4         A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

5    pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the

6    light most favorable to the non-moving party and all material allegations in the complaint are taken

7    to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The Court may consider the

8    facts alleged in the complaint, documents attached to the complaint, documents relied upon but not

9    attached to the complaint, when the authenticity of those documents is not questioned, and other

10   matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552

11   F.3d 981, 990 (9th Cir. 2009).

12        Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim

13   showing that the pleader is entitled to relief."  Even under Rule 8(a)'s liberal pleading standard, "a

14   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

15   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

16   *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S.

17   265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is

18   conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its

19   face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that

20   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

21   alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  "The

22   plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

23   possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely

24   consistent with a defendant's liability, it stops short of the line between possibility and plausibility

25   of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks

26   omitted).

27

28

**B.      Respondents' Motion to Dismiss Based on Failure to Join V&L Express as a Party.**

Respondents move to dismiss SuperShuttle's actions based on the company's failure to join V&L Express as a party to this suit.  According to Respondents, V& L Express is a necessary and indispensable party whose addition would result in dismissal of this action due to destruction of diversity jurisdiction.

In order to determine whether dismissal for failure to join a necessary and indispensable party is appropriate, the Court engages in "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*").  First, the district court must determine whether the absent party is a "required" party. *Id*.; *see also* Fed. R. Civ. P. 19(a).  A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Fed. R. Civ. P. 19(a); *Peabody Western*, 400 F.3d at 779.

Here, this case was initiated by Respondents as a claim before the California Department of Labor for wages and benefits due.  In that proceeding, the drivers presented claims against both SuperShuttle and V&L Express.  Although SuperShuttle's petition before this Court references V&L Express as domiciled in California, it omits the entity as a party in the petitions to compel arbitration.  SuperShuttle argues that the contractual arrangement to pursue the resolution of disputes in arbitration may be resolved without the presence of the franchisee owner, V&L Express.  However, the alleged joint employer or intermediary between the drivers and SuperShuttle has an interest in the resolution of the underlying contention whether the drivers are to be considered employees or independent contractors.  As drivers for V&L Express, Respondents agreed to be bound by any agreements between V&L Express and SuperShuttle.  All representations made in hiring and employment would be relevant to the ultimate determination of the employment relationship among the parties.  V&L Express, as the intermediary between Respondents and Petitioner, should have the option to weigh in on the decision whether any possible agreement to arbitrate binds them and the drivers.  The Court finds that V&L Express is a necessary and required

1  party in SuperShuttle's petition to enforce arbitration because the determination of the forum for

2  resolution of the ultimate question of employment status constitutes a legally protected interest in

3  the action such that disposition of the action may "impair or impede" the person's ability to protect

4  that interest.  *See* Fed. R. Civ. P. 19(a); *Peabody Western*, 400 F.3d at 779.

5          Because V&L Express is "required" as a party, the Court must determine whether joinder is

6  feasible.  *See Peabody Western*, 400 F.3d at 779.  Pursuant to Rule 19(a), joinder is not "feasible"

7  when: (1) venue is improper; (2) the absentee party is not subject to personal jurisdiction; and (3)

8  when joinder would destroy subject matter jurisdiction.  *See id*.  Here, if Petitioners joined V& L

9  Express as a party, the Court could not maintain jurisdiction over the matter as diversity would be

10  destroyed.

11         Accordingly, the Court GRANTS the Respondents' motion to dismiss pursuant to Federal

12  Rule of Civil Procedure 12(b)(7) for failure to join a necessary party under Rule 19.

13                                              **CONCLUSION**

14         For the foregoing reasons, the Court GRANTS Respondents' motions to dismiss.  In light of

15  the Court's finding that it lacks jurisdiction to hear this matter, the Court does not address the

16  pending motions to stay and compel arbitration.   A separate judgment shall issue and the clerk may

17  close the file.

18         **IT IS SO ORDERED.**
    Dated:   July 23, 2015

19                                              _____
                                                JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28